**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ABDUL MATIN, | No. 11-73421 |
| Petitioner, | Agency No. A099-418-346 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2015**
Pasadena, California

Before: SILVERMAN, SACK***, and WARDLAW, Circuit Judges.

Abdul Matin, a native and citizen of Bangladesh, petitions for review of the

Board of Immigration Appeals's (BIA) decision affirming the Immigration Judge's

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Robert D. Sack, Senior Circuit Judge for the U.S.
Court of Appeals for the Second Circuit, sitting by designation.

(IJ) denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

1. Matin's asylum application was filed more than one year after he entered the United States, and Matin is unable to establish ineffective assistance of counsel to excuse the untimely filing. *See Tamang v. Holder*, 598 F.3d 1083, 1088-91 (9th Cir. 2010). The retainer agreement, signed by Matin, stated that Matin's attorney was under no obligation to file the asylum application until he received his full fee. Matin does not claim that he paid the full fee prior to the deadline; because the relevant facts are undisputed, we have jurisdiction over this issue. *Husyev v. Mukasey*, 528 F.3d 1172, 1179-81 (9th Cir. 2008). We agree with the BIA that Matin provided insufficient evidence of payment to establish that the untimely filing was due to ineffective assistance of counsel. *See Tamang*, 598 F.3d at 1090.

2. Substantial evidence supports the BIA's conclusion that Matin was ineligible for withholding of removal. Matin exhausted his administrative remedies with respect to the inconsistency between his testimony and declaration concerning the attack that occurred in 2004, so we have jurisdiction to review it. *See Abebe v. Gonzalez*, 432 F.3d 1037, 1041 (9th Cir. 2005) (en banc). However, the inconsistencies relied on by the BIA substantially support the adverse

credibility determination. *See Shrestha v. Holder*, 590 F.3d 1034, 1039, 1046-47 (9th Cir. 2010). Matin's declaration and testimony about the circumstances of the 2004 attack were inconsistent, and Matin's testimony materially enhanced his claims for relief instead of simply adding details to the event described in his declaration. *See Zamanov v. Holder*, 649 F.3d 969, 973-74 (9th Cir. 2011); *Rizk v. Holder*, 629 F.3d 1083, 1090 (9th Cir. 2011). In addition, Matin's testimony and his own witness's testimony about whether Matin's family was hiding, suffering, and living in fear in Bangladesh or was doing fine were inconsistent and undermined his claim that he was at risk of future persecution in Bangladesh. *See Tamang*, 598 F.3d at 1094. Matin's corroborating evidence is insufficient to independently establish past persecution, as the BIA concluded. *See Aden v. Holder*, 589 F.3d 1040, 1046 (9th Cir. 2009); *Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014). Moreover, Matin claimed a fear of persecution based on his membership in the Awami League, a political party that has now assumed power.

3. Substantial evidence supports the BIA's determination that Matin is ineligible for relief under CAT. Absent credible testimony, Matin has not shown that it is more likely than not that he will be tortured if he returns to Bangladesh. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003).

**Petition Denied.**

3